In the Matter of the Claim of HAROLD O'LOUGHLIN, Respondent, against COMMUNITY HOME CONSTRUCTION Co. et al., Appellants, and STATE INSURANCE FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal by Community Home Construction Co., employer, and Employers Mutual Liability Insurance Company of Wisconsin, insurance carrier, from a decision of the Workmen's Compensation Board which awarded disability benefits to claimant chargeable wholly to appellants. While employed as a

roofer by Community Home Construction Co. on March 10, 1948, claimant was injured when he lifted a bundle of brick siding. He sustained a lumbrosacral strain and tenderness of the muscles of his back. He was disabled from time to time and awards of compensation were made and paid by appellants. While working for the same employer on August 21, 1950, claimant fell 20 feet from a ladder to the ground. The board found that his injuries consisted of a fractured left hip and defects in the left lower extremity. These injuries caused disablement and the award was paid by the State Insurance Fund which insured the employer at that time. Subsequently an award was made for reduced earnings for 26 weeks of disability from February 2, 1954 to July 3, 1954. The board found that this disability was wholly due to claimant's back condition as the result of the 1948 accident when Employers Mutual Liability Insurance Company of Wisconsin was the employer's carrier and was in no part the result of the 1950 accident at which time the State Insurance Fund insured the employer. Appellants claim that only 25% of the award should be charged against them and the balance against the State Insurance Fund. The record shows a conflict of evidence concerning an injury to claimant's back as the result of the 1950 accident and there is substantial evidence to support the finding of the board. Claimant stated that his back symptoms were in no way aggravated by the 1950 accident and that his back felt the same after the second accident as it did before. As late as 12 days before the 1950 accident claimant was not working on account of his back condition. A physician reported that he did not believe that there was any pathology present in 1953 which could be attributed to the 1950 accident. A medical expert called by appellants testified that it was possible that the first accident may have left a residual and that claimant's back condition was due to both accidents. Another expert expressed an opinion that there was no disability as the result of the first accident when the second accident occurred. Thus, there was presented a question of fact and the board's decision is final. Decision and award unanimously affirmed, with costs to the State Insurance Fund. Present — Foster, P. J., Bergan, Halpern, Zeller and Gibson, JJ.